UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC CLYDE BALL and KIMBERLY
FRANCINE BALL,

      Case No. 24-cv-12800

    Plaintiffs,

v.

      Hon. Sean F. Cox
      United States District Court Judge

FARMERS INSURANCE EXCHANGE
and DAVID MORGAN,

    Defendants.
_____/

**MEMORANDUM OPINION & ORDER**
**DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**

Plaintiffs Eric and Kimberly Ball filed this *pro se* action in October 2024. Plaintiffs' civil cover sheet states that the basis of this Court's jurisdiction is "Federal Question," and their complaint likewise states that this Court "has subject-matter jurisdiction pursuan [sic] to 28 U.S.C. 1331." (ECF No. 1, PageID.1, 7). But neither of those documents cite any federal laws, nor would Plaintiffs' allegations, if true, raise a federal question.

Plaintiffs state that Defendant David Morgan wrecked their car while he was driving it without their permission, and that Defendant Farmers Insurance Exchange ("Farmers") subsequently filed a state-court action against Kimberly Ball to recover expenses that it paid in connection with that wreck. Plaintiffs allege that Farmers conduct amounted to fraud because it knew or should have known that Kimberly was not personally liable for any expenses in connection with Morgan's wreck. And Plaintiffs conclude that they are entitled to $4.5 million in compensatory and punitive damages.

The Clerk of Court subsequently entered Morgan's default and Plaintiffs moved for a default judgment against Morgan. Farmers then moved to dismiss, and the Court ordered

1

Plaintiffs to show cause why their complaint should not be dismissed for lack of subject-matter jurisdiction. Plaintiffs responded by moving to amend their complaint more than twenty-one days after they served it and Farmers moved to dismiss. Plaintiffs accordingly cannot amend their complaint without leave of court. *See* Fed. R. Civ. P. 15(a).

Farmers now argues that the Court should deny Plaintiffs leave to amend because their proposed amendments would be futile.[1] Courts indeed deny leave to amend a complaint when the proposed amendment would be futile, *i.e.*, "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). A complaint cannot withstand a Rule 12(b)(6) motion to dismiss unless the plaintiff pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiffs' proposed amended complaint contains the same factual allegations as their initial complaint. The proposed amended complaint additionally states that "the Defendant's [sic] in violation of Due Process committed fraud upon the Court against Plaintiff's [sic] through the filing of a false complaint filed under the penalty of perjury when they knew said stated facts to be false. U.S. Const. Amend. 14." (ECF No. 20, PageID.102). The Court presumes from this language that Plaintiffs attempt to plead a due-process claim under 28 U.S.C. § 1983.

Section 1983 permits a plaintiff to recover from a defendant who violated his or her federal rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or

---

[1] Farmers also moved to dismiss Plaintiffs' amended complaint, should the Court grant them leave to amend.

2

Territory or the District of Columbia." § 1983. The statute thus requires that a challenged action have "be[en] taken (a) under color of state law, and (b) by a state actor." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). Plaintiffs' proposed amended complaint alleges that Morgan took their car without permission and crashed it, and that Farmers filed a civil action against Kimberly Ball in connection with that car accident. Taking these allegations as true, nothing about them suggests that Morgan or Farmers were state actors acting under color of state law. Plaintiffs' proposed amendments would accordingly be futile, and the Court shall deny leave to amend.

The question remains whether this Court has subject-matter jurisdiction over Plaintiffs' initial complaint. As the Court explained in its show-cause order, Plaintiffs' allegations sound solely in state tort law. And Plaintiffs do not allege that theirs and Morgan's & Farmers's citizenships are diverse. The Court therefore lacks subject-matter jurisdiction over this action and dismiss it without prejudice.

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to amend their complaint (ECF No. 19) is **DENIED** and Plaintiff's initial complaint (ECF No. 1) is **DISMISSED without prejudice**. **IT IS FURTHER ORDERED** that: (1) the Clerk of Court's entry of default against Morgan (ECF No. 8) is **VACATED**; (2) Plaintiffs' motion for default judgment against Morgan (ECF No. 11) is **DENIED as moot**; (3) Farmers' motion to dismiss Plaintiffs' initial complaint (ECF No. 14) is **DENIED as moot**; and (4) Farmers' motion to dismiss Plaintiffs' amended complaint (ECF No. 21) is **DENIED as moot**.

    IT IS SO ORDERED.

                                                        s/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated: April 1, 2025